UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID ALVEY, | : | |
| Petitioner, | : | Civ. No. 20-18147 (KSH) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Petitioner is proceeding *pro se* in this action. Petitioner initially filed this case as a motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255. (*See* DE 1.) On February 9, 2021, this Court issued an order to show cause on petitioner upon screening petitioner's filing. (*See* DE 3.) This Court noted as follows at that time:

> Petitioner argues the Federal Bureau of Prisons ("BOP") is acting arbitrarily and capriciously by not reducing his federal sentence by one year pursuant to 18 U.S.C. § 3621(e). More specifically, petitioner complains how the BOP has treated him with respect to his participation in the BOP's Residential Drug Abuse Program ("RDAP"). In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings, this Court must screen petitioner's § 2255 motion for dismissal to determine whether a dismissal without a response is warranted.
>
> Section 2255(a) states as follows:
>
>> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> 28 U.S.C. 2255(a). Petitioner's § 2255 motion does not challenge that his judgment of conviction and/or sentence <u>as imposed</u> by this

> Court violated the Constitution or that this Court was without jurisdiction to sentence him. Instead, petitioner challenges how the BOP is executing his sentence. "A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241." *See Hasan v. Sniezek*, 379 F. App'x 232, 234 (3d Cir. 2010) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005)).

(DE 3 at 1-2.)

Petitioner was given thirty days to state whether he wished to proceed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See id.* at 2.) In early March, 2021, Petitioner paid the $5.00 filing fee and indicated he wished to proceed with this action as a § 2241 habeas petition.

Petitioner states he is currently under home confinement in Mechanicsburg, Pennsylvania and was previously incarcerated at USP Lewisburg. Both are in counties within the United States District Court for the Middle District of Pennsylvania. The proper venue for a § 2241 proceeding is the prisoner's district of confinement. *See Meyers v. Martinez,* 402 F. App'x 735, 735 (3d Cir. 2010) (per curiam) (citing *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004)); *see also Toney v. Fishman,* No. 12–2108, 2014 WL 1232321 (D.N.J. Mar. 25, 2014) (collecting cases). Given these facts, this action will be transferred to the Middle District of Pennsylvania.

Accordingly, IT IS on this 31st day of March, 2021,

ORDERED the Clerk shall transfer this action to the United States District Court for the Middle District of Pennsylvania; and it is further

ORDERED the Clerk shall serve this memorandum and order on petitioner by regular U.S mail; and it is further

ORDERED that upon transfer of this action to the Middle District of Pennsylvania, the Clerk shall mark this case as closed in this District.

<u>s/ Katharine S. Hayden</u>
KATHARINE S. HAYDEN
United States District Judge